UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELISSA BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:01CV1054 CDP |
| | ) |
| J. MARCONI ENTERPRISES and | ) |
| MURPHY ENTERPRISES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is "Plaintiff's Motion to Remand." In the motion, Plaintiff requests that this Court remand the case to the Circuit Court of the City of St. Louis for the reason that the amount in controversy does not exceed seventy five thousand dollars ($75,000). I will grant the motion and issue an order remanding the case.

### Relevant Factual Background

Plaintiff filed this personal injury action in the Circuit Court of the City of St. Louis. Plaintiff alleged that she was injured while riding a defective carnival ride that Defendant Murphy Enterprises, Inc., had the exclusive right to control and which was under the exclusive control of Defendant Murphy Enterprises, Inc. at the time of her injury. Plaintiff also alleged that Defendant J. Marconi Enterprises

had supplied Defendant Murphy Enterprises, Inc. with the carnival ride and either knew or should have known that the ride was defective. In addition, Plaintiff alleged that as a direct and proximate result of the Defendants' failure to notice and/or cure the defect, she suffered a closed head injury which has resulted in persistent and chronic headaches, as well as other neurological symptoms, requiring medical care and treatment. Furthermore, Plaintiff alleged that she has incurred reasonable and necessary medical care expenses totaling twelve thousand dollars ($12,000), and that her injuries are progressive and believed to be permanent.

Defendant J. Marconi Enterprises removed the action to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332 and 1441. In its removal notice, Defendant J. Marconi Enterprises alleged that diversity of citizenship exists between all the parties and that the amount in controversy is likely to exceed the sum of seventy five thousand dollars ($75,000) because the case is a claim for present and future medical expenses, pain and suffering, and permanent injury.

After receiving the removal notice, Plaintiff filed the motion now before this Court requesting that this Court remand the case back to the Circuit Court of the City of St. Louis. In support of this motion, Plaintiff has alleged that the amount in

controversy is, and was pleaded to be, less than $75,000. Attached to Plaintiff's motion is an affidavit of Plaintiff's counsel certifying that the amount in controversy in this case is less than $75,000.

The parties have now filed a stipulation that plaintiff's claims do not exceed $75,000, exclusive of interest and costs. The stipulation includes language that should be sufficient to protect all parties' interest.

## Discussion

28 U.S.C. § 1441(a) permits a defendant to remove a civil action to a federal district court on the basis of diversity of citizenship:

> [A]ny civil action brought in a State court of which the
> district courts of the United States have original
> jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for
> the district and the division embracing the place where
> such action is pending.

28 U.S.C. § 1441(a). Removal statutes are strictly construed, and any doubts about the propriety of removal must be resolved in favor of remand. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). The party invoking jurisdiction bears the burden of proving that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). To meet its burden with regard to the jurisdictional amount, the

removing party "must show that it appears to a 'legal certainty' that the amount in controversy" exceeds $75,000. Corlew v. Denny's Restaurant, Inc., 983 F.Supp. 878, 879 (E.D. Mo. 1997).

In her motion to remand, Plaintiff asserts that even though there is diversity of citizenship between the parties, the amount in controversy does not exceed seventy five thousand dollars ($75,000). In addition, she correctly points out that 28 U.S.C. § 1447(c) stipulates that federal courts must remand the case to state courts if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction. Baucom Private Life Insurance Company, 674 F.Supp. 1175, 1778 (M.D.N.C.). See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Steel Valley Authority v. Union Switch and Signal Division, 809 F.2d 1006, 1110 (3d Cir. 1987).

Having carefully reviewed the file, I agree that the amount in controversy does not exceed seventy five thousand dollars ($75,000). Therefore, I will grant the motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#9-1] is granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to the Circuit Court for the City of St. Louis from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of August, 2001.

UNITED STATES DISTRICT COURT EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 08/28/01 by ldreon
  4:01cv1054   Buchanan vs J. Marconi Ent

28:1332 Diversity-Personal Injury

| | |
|---|---|
| James Childress -  2815 | Fax: 314-231-4384 |
| Gary Growe -  9255 | Fax: 314-863-9388 |
| Mark Prost -  105115 | Fax: 314-241-7604 |
| John Sandberg -  4251 | Fax: 314-241-7604 |
| Eric Schmitt -  102010 | Fax: 314-863-9388 |
| Jerry Wilding -  4708 | Fax: 314-231-4384 |

*Mariano Favazza, Clerk*
*Cir. Ct. City St. Louis*

SCANNED & FAXED BY:

AUG 2 8 20[--]

DJO